Filed 8/21/24  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE JAMES GONZALEZ,<br><br>    Defendant and Appellant. | B333287<br><br>(Los Angeles County<br> Super. Ct. Nos.<br> PA098225/PA100237) |

APPEAL from judgments of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Multiple criminal cases were filed against defendant Jesse James Gonzalez. In Los Angeles County Superior Court (LASC) case No. PA098225 (PA098225), defendant was charged by information with one count of grand theft (Pen. Code, § 487, subd. (a)) and one prior strike conviction (Pen. Code, § 1170.12, subd. (b); Pen. Code, § 667, subds. (b)-(i)). In LASC case No. PA096107 (PA096107), defendant was charged with unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and one prior strike conviction (Pen. Code, § 1170.12, subd. (b); Pen. Code, § 667, subds. (b)-(i)).

On April 18, 2023, the trial court conducted a plea hearing in the PA098225 and PA096107 actions. At the hearing, defendant agreed to make an open plea on the charges enumerated above, and the trial court agreed to conditionally release defendant to a representative from the Los Angeles Centers for Alcohol and Drug Abuse (L.A. CADA) so he could participate in a six-month residential drug treatment program.

On April 21, 2023, the trial court received notification from L.A. CADA that defendant had refused to get on the transport van scheduled to take him to the program. In response, the court issued a bench warrant for defendant.

On May 1, 2023, a new criminal case was brought against defendant, LASC case No. PA100237 (PA100237). In the PA100237 action, defendant was charged with one count of receiving a stolen vehicle (Pen. Code, § 496, subd. (d)) and two prior strike convictions (Pen. Code, § 1170.12, subd. (b); Pen. Code, § 667, subds. (b)-(i)).

On August 23, 2023, defendant entered a plea deal that provided for a "global disposition" of the three cases, PA098225, PA096107, and PA100237.

2

As part of this deal, defendant pleaded no contest to the charge against him in case PA100237 and admitted a prior strike. In return, defendant received a total sentence of four years in PA096107[1] and consecutive aggregate terms of 16 months each in cases PA098225 and PA100237, for a cumulative term of six years, eight months in prison.

Defendant filed timely notices of appeal in the PA098225 and PA100237 actions but did not file an appeal in the PA096107 action.

After reviewing the record, defendant's court-appointed counsel filed an opening brief requesting that this court independently review the record under *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On May 3, 2024, we informed defendant that he had 30 days to submit any contentions or issues he wished us to consider. To date, we have received no response from defendant.

We have reviewed the record and are satisfied that no arguable issues exist. By virtue of counsel's compliance with the *Wende* procedure and our examination of the record, the defendant has received adequate and effective appellate review of the judgments entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112–113.)

---

[1] The four-year sentence was imposed for possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). The court also sentenced defendant on the counts for unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)) and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), but ordered that sentence stayed pursuant to Penal Code section 654.

3

**DISPOSITION**

The judgments are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

We concur:

COLLINS, Acting P. J.

MORI, J.

4